# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

HIROMI NASHIRO,

                         Petitioner,

         v.

ATTORNEY GENERAL, et.al.,

                         Respondents.
_____/

CV F   07-01192 LJO SMS HC

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS PREMATURE

[Doc. 1]

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition alleges that the continued detention of Petitioner violates Petitioner's substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority.

### FACTUAL SUMMARY[1]

Petitioner is a native and citizen of Japan.  Petitioner is currently being detained at the Kern County Jail in Bakersfield, California.

In May 8, 2007, an Immigration Judge ordered Petitioner deported/excluded/removed from the United States.  Petitioner did not appeal the order and he is therefore now subject to a

_____

[1]This information is derived from Petitioner's petition for writ of habeas corpus.

1

1  final order of removal.  Petitioner entered the custody of ICE on May 8, 2007, and has been

2  detained continuously by ICE since then.

3                                              **DISCUSSION**

4           A federal court may only grant a petition for writ of habeas corpus if the petitioner can

5  show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241(c)(3).  A

6  habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"

7  of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v.

8  Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules

9  Governing Section 2254 Cases.  However, the petition must "allege facts concerning the

10  applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific

11  factual allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v.

12  Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th

13  Cir.1989).

14           Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to

15  make a preliminary review of each petition for writ of habeas corpus.[2]  "If it plainly appears from

16  the petition and any attached exhibits that the petitioner is not entitled to relief in the district

17  court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of

18  the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

19           In the instant case, Petitioner states that he is being mandatorily and indefinitely detained

20  by ICE in violation of the Fifth Amendment of the U.S. Constitution and in violation of

21  Respondent's statutory authority and Petitioner's substantive and procedural due process rights

22  under the Fifth Amendment. This issue was addressed by the Supreme Court in Zadvydas v.

23  Davis, 533 U.S. 678 (2001).

24           In Zadvydas, the U.S. Supreme Court found that the habeas corpus statute grants federal

25  courts the authority to determine whether post-removal-period detention is pursuant to statutory

26

27  _____

28           [2]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

1   authority.[3]  Id. In addition, the Court held that the Immigration and Nationality Act's (INA) post-

2   removal-period detention statute does not permit indefinite detention but "implicitly limits an

3   alien's detention to a period reasonably necessary to bring about that alien's removal from the

4   United States."  Id at 689.  When faced with making such a determination, the Court must

5   consider "the basic purpose of the statute, namely, assuring the alien's presence at the moment of

6   removal."  Id. at 699.  In addition, the Court must take appropriate account of the Executive

7   Branch's "greater immigration related expertise," the Bureau's "administrative needs and

8   concerns," and the "Nation's need to speak with one voice on immigration."  Id.  The Supreme

9   Court attempted to limit those occasions when the federal court would need to make such

10  "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*.

11  Id. at 701 (italics added).  The burden is on the alien to show that there is no reasonable

12  likelihood of repatriation.  Id. ("This 6-month presumption, of course, does not mean that every

13  alien not removed must be released after six months. To the contrary, an alien may be held in

14  confinement until it has been determined that there is no significant likelihood of removal in the

15  reasonably foreseeable future.").   After six months and once an alien makes a showing that there

16  is no "significant likelihood of removal in the reasonably foreseeable future, the Government

17  must respond with evidence sufficient to rebut that showing."  Id.  However, where an alien

18  seeks release prior to the expiration of the presumptive six-month period, his claims are unripe

19  for federal review.  See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct.

20  1507  (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through

21  avoidance of premature adjudication, from entangling themselves in abstract disagreements over

22  administrative policies, and also to protect the agencies from judicial interference until an

23  administrative decision has been formalized and its effects felt in a concrete way by the

24  challenging parties.").

25      In this case, Petitioner has remained in the custody of the BICE following an order of

26  removal since May 8, 2007.  Petitioner's current detention is still within the six month

27  _____

28      [3]The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period
    of post-removal.  See Zadvydas, 533 U.S. at 699.

1   "presumptively reasonable period of detention."  <u>Zadvydas</u>, 533 U.S. at 701.  Petitioner's

2   allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the

3   six month period and his claims of constitutional violations are not ripe for review.   Should

4   Petitioner's detention continue past the six month presumptive period, he may re-file the instant

5   federal action and obtain review.  At that time, however, Petitioner must provide "good reason to

6   believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Id</u>.

7                                                    **ORDER**

8           Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is

9   DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review.  IT IS

10  FURTHER ORDERED that the Clerk of Court ENTER judgment and terminate this action.

11

12  IT IS SO ORDERED.

13  **Dated:    August 27, 2007                            /s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4